**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

KATHERINE TOMASZEWSKI,

Plaintiff,

vs.

ALCRETE LLC, and JUSTIN NORMAN, individually,

Defendants.

Case No. 25-CV-11097

Jury Demanded

## COMPLAINT

Plaintiff, KATHERINE TOMASZEWSKI ("Plaintiff"), by her undersigned counsel, complains of Defendants, ALCRETE LLC ("Alcrete"), and JUSTIN NORMAN, individually ("Norman")(jointly "Defendants"), as follows:

## NATURE OF CLAIMS

1. Plaintiff presents claims against Defendants for retaliating and terminating her employment in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"), and the Illinois Whistleblower Act, 740 ILCS 174/1, *et seq.*, as amended ("IWA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331, 1343(a)(4), and 1367. Venue is proper in this judicial district under 28 U.S.C. § 1391(c) and (e), as Defendants reside and do business in the Northern District of Illinois, and the acts complained of occurred within this judicial district.

## PARTIES

3. Plaintiff is an adult resident and citizen of Illinois, who was hired as Alcrete's Chief People (*i.e.* human resources) Officer in September of 2024. She satisfactorily performed her job duties and

reported directly to Norman, Alcrete's Chief Executive Officer, who abruptly fired her without explanation – despite her request - on August 1, 2025.

4. Upon information and belief, Alcrete is a limited liability company organized under Delaware law and registered to do business in Illinois. Alcrete manufactures and sells pre-cast concrete building/infrastructure components for the construction industry.

5. Alcrete's corporate office, where Plaintiff worked, is located in Oakbrook Terrace, Illinois, and from which it oversees, operates and/or controls its manufacturing plants and facilities in Alabama, Kentucky, North Carolina, South Carolina, and Florida.

6. At all relevant times, Defendant was Plaintiff's "employer," and Plaintiff was a covered "employee" as defined in the IWA.

7. Norman is an adult male resident of the Northern District of Illinois, and is, and at all relevant times was, Alcrete's CEO with full supervisory authority and control over Plaintiff and affected the terms and conditions of her employment.

**COUNT I**
**(RETALIATION IN VIOLATION OF 42 U.S.C. § 1981)**

1. Plaintiff adopts paragraphs 1 - 7 above as paragraph 1 of Count I.

2. During Plaintiff's employment, Norman, *inter alia,* made discriminatory and offensive remarks about Mr. Brooks, an African-American employee working in its Fort Pierce, Florida facility, who had retained an attorney and contacted Alcrete in writing to complain about and attempt to rectify Mr. Brooks' claims and concerns of race discrimination at the company.

3. After Norman's receipt of said letter from Mr. Brook's attorney, Norman directed Plaintiff to ignore the letter, dispense with any investigation of Mr. Brook's concerns (in contravention of Alcrete policy), and simply terminate Mr. Brooks as a result of said letter.

4. Plaintiff opposed and objected to Norman's directions, and informed him that it was unlawful to retaliate against or terminate Mr. Brooks for legally protected concerns and complaints of race discrimination, and she refused to fire him - much to Mr. Norman's dismay.

5. The effect of Defendants' employment practices and directives - about which Plaintiff opposed and objected – were discriminatory, retaliatory and would serve to deprive Mr. Brooks of the equal opportunity to enjoy, make and enforce contracts, and otherwise adversely affected him because of his race and legally protected right express his good faith concerns and complaints about racial discrimination - and without being subject to unlawful retaliation or termination.

6. Defendants' aforesaid discriminatory practices, actions or directives violated, and/or would have violated Section 1981.

7. Section 1981 also prohibits retaliation against Plaintiff by Defendants for, *inter alia,* opposing, objecting, complaining and/or protesting said discriminatory employment practices against Mr. Brooks based on his race, or his legally protected complaints and concerns about discrimination.

8. On or about August 1, 2025, and in violation of Section 1981, Norman abruptly terminated Plaintiff's employment because she had opposed, complained and/or objected to said discriminatory employment practices against Mr. Brooks - including his legally protected complaints and concerns about race discrimination in good faith.

9. As a direct and proximate result of said retaliation and termination of her employment, Plaintiff has, *inter alia*, lost, and will continue to lose, compensation and other benefits, suffered emotional distress, and anxiety about her ability to support herself, her future employability, career loss/future earning capacity, disruption of her personal life and loss of enjoyment of everyday life.

10. The aforesaid misconduct was willful, wanton and/or in reckless disregard for Plaintiff's federally protected rights and warrants the imposition of punitive damages against each Defendant under Section 1981.

## Relief Sought

**WHEREFORE,** Plaintiff, Katherine Tomaszewksi prays that this Court grant her the following relief against Defendants, Alcrete, LLC, and Justin Norman, jointly and severally:

A. Award her appropriate lost back pay and future earnings, and reimbursement for other employment related losses, in an amount(s) to be shown at trial, plus interest so as to render her whole from the unlawful retaliation and termination.

B. Award her compensatory damages for emotional pain, humiliation, anxiety, and her career loss/lost earning capacity, in an amount(s) to be shown at trial.

C. Award her punitive damages to be determined at trial for Defendants' willful, wanton or reckless misconduct in violation of Section 1981.

D. Award her legal fees, litigation costs, any additional relief that is warranted in this action.

## COUNT II
### (RETALIATION IN VIOLATION OF IWA)

1. Plaintiff adopts and realleges paragraph 1 of Count I, above, as paragraph 1 of Count II.

2. At all relevant times, the IWA prohibited Defendants, and each of them, from retaliating against Plaintiff because, *inter alia*, of:

(a) her good faith complaints or objections about what she reasonably believed was a violation of any federal or state law, rule or regulation. (IWA §15 (c)); or

(b) her refusal to engage or participate any activity that would result in a violation of any federal or state law, rule or regulation. (IWA § 20).

3. Defendants retaliated against and terminated Plaintiff in violation of the IWA, because, *inter alia,* she had:

a. Opposed, protested and/or refused to engage in violations of Section 1981, as alleged in Count I, above.

b. Opposed, protested and/or refused to engage in violations of federal law and related regulations governing Alcrete's hiring or retention of various undocumented or other legally ineligible employees, including in its Jacksonville, North Carolina, facility, who lacked proper documentation as required by federal or state law, including Employment Eligibility Verification (*Form I-9*), or who were otherwise ineligible for employment under governing law, rules and/or regulations, including but not limited to: the *Immigration Reform and Control Act of 1986* ("IRCA"); the *Illegal Immigration Reform and Immigrant Responsibility Act of 1996* ("IIRIRA"), 8 U.S.C. § 1324 (*Unlawful Employment of Aliens*); or that could otherwise subject Alcrete to civil or criminal penalties and fines.

c. Opposed, protested and/or refused to engage in violations of applicable state workers' compensation law(s) prohibiting firing employees for sustaining work-related injuries and/or exercising their rights under said laws - including Mr. Foster and Mr. Jean who are(or were at all relevant times) covered by Florida's *Workers' Compensation Law.*

d. Opposed, complained and/or expressed her concerns to Defendants about, *inter alia,* unwelcome sexual advances, requests for hugs, massages, lunch dates, inappropriate and offensive comments about her physical appearance, *e.g.* that she "looks really good" by a high ranking co-worker, Mr. Cichocki – which misconduct she reasonably believes violated the Illinois Human Rights Act, the Civil Rights Act of 1991, and/or other legal prohibitions on sexual harassment in the workplace.

e. Complained, opposed, and/or expressed other legally protected concerns about directives, conduct or requests by Defendants that she reasonably believed violated or would violate a federal or state law, rule or regulation.

4. In retaliation for said alleged complaints, objections, concerns, and/or her refusal to engage or participate in the above-alleged unlawful activities, Plaintiff was retaliated against and terminated by Defendants in violation of the IWA.

5. As a direct and proximate result thereof, Plaintiff has lost and will continue to lose income, benefits, and other compensation from Alcrete, has suffered emotional distress, anxiety and humiliation, has incurred legal fees and costs, and sustained other recoverable damages.

6. IWA Section 30 authorizes a civil action for "make whole" relief, including but not limited to: (a) reinstatement with the same seniority status as Plaintiff would have had, but for the subject violation(s); (b) lost back pay, with interest; and (c) compensation for other damages sustained as a result of said violations, including anxiety, stress and humiliation; (d) liquidated damages and civil penalties; and (e) litigation costs, expert witness fees, and reasonable attorney's fees.

**Relief Sought**

**WHEREFORE**, Plaintiff, Katherine Tomaszewski, prays that this Court grant her the following relief as against Defendants, Alcrete, LLC, and Justin Norman, jointly and severally:

A. An award of all lost back pay, bonus(es), benefits, and reimbursement for other employment related losses since August 1, 2025, plus interest @ 9% per the IWA, so as to render her whole from their IWA violations.

B. An award of lost front pay or, alternatively, reinstatement to her former position at Alcrete LLC, with the same seniority, compensation and benefits that she would have earned but for the subject IWA violations.

C. An award of liquidated damages of up to $10,000.00, and a civil penalty of $10,000.00, as authorized by the IWA.

D. An award of compensatory damages for emotional stress, humiliation and anxiety, in an amount(s) as authorized by the IWA and proven at trial.

E. An award of all additional compensation, career loss damages, as well as her litigation costs, expert witness fees, and reasonable attorney's fees.

F. An award of all additional relief as may be just and warranted.

**Plaintiff Requests a Jury Trial.**

**Dated**: September 15, 2025

**FOX & FOX, S.C.**

Attorneys for Plaintiff, Katherine Tomaszewski

By: *s/Randall B. Gold*
Randall B. Gold (IL Bar. No. 6190918)
Michael R. Fox
FOX & FOX, S.C.
111 East Upper Wacker Dr.
Suite 2300
Chicago, IL 60601
Telephone: (608) 258-9588
rgoldlaw@aol.com
rgold@foxquick.com
mfox@foxquick.com